USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___5/11/2026___

**quinn emanuel** trial lawyers | washington, dc

555 13th Street NW, Suite 600, Washington, District of Columbia 20004-1109 |

WRITER'S DIRECT DIAL NO.
**(202) 538-8123**

WRITER'S EMAIL ADDRESS
**derekshaffer@quinnemanuel.com**

May 4, 2026

**VIA ECF**

The Honorable Unassigned Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street,
New York, NY 10007-1312

Re:     *Deutsche Finance America LLC et al. v. BAYVK Immobilien-Dachfonds 1 SCS SICAV-SIF Subfonds Elektra 2 et al.*

Your Honor:

I am writing for Petitioners Deutsche Finance America LLC and DF TPC JvCo LLC (together, "Petitioners") and seek leave to file under seal, pursuant to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rules 5.2(b) and 7.1(d), and the United States District Court, Southern District of New York's Sealed Records Filing Instructions ("Filing Instructions"), Exhibit 2 to the Declaration of Derek L. Shaffer (the "Declaration"), which is the Term Sheet dated September 11, 2024 between the parties.

The Second Circuit has recognized a common law and First Amendment right of public access to judicial documents, but that right is not absolute and must be balanced against countervailing factors, including the privacy interests of third parties and confidential business information. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Courts must weigh the presumption of access against such interests and may order sealing where those interests predominate. *Id.*; *see also In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) ("Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute."); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995) ("Every court has supervisory power over its own records and files, and access [can be] denied where court files might have become a vehicle for improper purposes.")

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DUBAI | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEW YORK | PARIS | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

(citation omitted). "Redaction may be appropriate to protect confidential information." *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *1 (S.D.N.Y Sept. 21, 2023).

Petitioners do not believe that redaction of the sealed materials is warranted under the circumstances but are making this request out of an abundance of caution and solely so that Respondents can request confidential treatment as appropriate. In so doing, Petitioners do not concede that Respondents have grounds to seal any portion of the filing and expressly reserve all arguments regarding that issue.

Very truly yours,

*/s/ Derek Shaffer*
Derek L. Shaffer

Although there is a common law presumptive right of access to judicial documents, *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014), the Court is entitled to weigh the value of access to those documents against the impact of disclosure on, among other ends, on "the disclosure of confidential business information," *Haft v. GE Appliances*, No. 21 Civ. 506, 2022 WL 20056051, at *1 (S.D.N.Y. Jan. 27, 2022); *see also United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2d Cir. 1995). Because Petitioner has demonstrated that sealing Exhibit 2 to the Declaration of Derek L. Shaffer ("Exhibit 2") would protect certain confidential information, the motion is GRANTED and the document shall remain under seal.

**Two weeks** after Respondents appear in this action, Respondents shall file a letter indicating their position on the continued sealing of Exhibit 2, and shall indicate whether the sealing request can be narrowed to include specific redactions of confidential information. The proposed redactions shall be filed with Respondents' submission. **One week** after Respondents' submission, Petitioners shall file a reply, if any.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 2.

SO ORDERED.

Dated:  May 11, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

2